UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN SAMUEL RIVERA BELTRAN, | No. 2:26-cv-00905-DJC-EFB |
| Petitioner, | |
| v. | ORDER |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | A# 200-614-820 |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking an order releasing Petitioner from custody.  The Court indicated its intent to rule directly on the Petition and neither party objected.

Petitioner entered and has been present in the country after voluntarily departing in 2010.  (Opp'n at 2.)  It appears Petitioner was not contacted by immigration officials after his re-entry until his present detention.  Petitioner remains in ICE custody.

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP,

2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).  For the reasons stated in those cases, Petitioner has established that he is entitled to relief.  As Petitioner has been present in the United States for years prior to his present detention, he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2).  *See Morillo*, 2025 WL 3707140, at *4.  Thus, Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.  Respondents not that they "do not have legal arguments to distinguish this case from prior orders issued by the Court[.]"  (ECF No. 8 at 2.)  Respondents also note Petitioner's January 2026 arrest by local law enforcement.  (*Id.*)  This incident does not alter the Court analysis that Petitioner is subject to 8 U.S.C. § 1226(a), but this appears only relevant to the remedy.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Within five (5) days of this Order, Respondents shall afford Petitioner Agustin Samuel Rivera Beltran a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:    **March 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE